**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMUEL KENNETH PORTER, | No. 12-56366 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-01817-JLS-PCL |
| v. | |
| MUABE HOWARD, Nurse; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted June 18, 2013[**]

Before:    TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Samuel Kenneth Porter, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that

prison officials retaliated against him by arranging his rape by other inmates in

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

violation of his First, Eighth, and Fourteenth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to exhaust administrative remedies, and for clear error the district court's underlying factual determinations. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We affirm in part, vacate in part, and remand.

The district court properly dismissed Porter's action because Porter did not properly exhaust the prison grievance process with respect to his claims and failed to provide sufficient evidence to show that administrative remedies were effectively unavailable. *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010) (concluding that exhaustion will not generally be excused where a prisoner lacks a "reasonable good faith belief" that administrative remedies are unavailable); *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1062 (9th Cir. 2007) (holding that grievances cannot be exhausted by means outside the prison's internal appeals process, such as through letters of complaint). Porter provides no support for his contention that he was excused from the requirement that he file an administrative grievance by operation of the Prison Rape Elimination Act of 2003, 42 U.S.C. §§ 15601-15609.

However, we vacate the judgment and remand for the limited purpose of entering dismissal without prejudice.  *See Wyatt*, 315 F.3d at 1120 (providing that if the court concludes that a prisoner has failed to exhaust, the proper remedy is dismissal of those claims without prejudice).

Porter's other arguments were raised for the first time on appeal and we do not consider them.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Porter's requests, set forth in his briefs, for a polygraph examination, the initiation of a federal investigation into his rape claims, and appointment of counsel on remand, are denied.

**AFFIRMED in part; VACATED in part; and REMANDED for the entry of an order dismissing Porter's unexhausted claims without prejudice.**